Opinion of the Court, by
Judge Owsley.
THIS writ of error is prosecuted to reverse a judgment recovered by Vernon and Blake, in an action assumpsit which was brought by them in the. court below,against Poignard.
The judgment was rendered by that court in conformity' to a verdict which was found by thejury, on the trial of the general issue.
The question upon which the cause tjjrhs in this court, involves the correctness of a decision which was given by the court below, upon a motion for instructions to thejury, after the evidence was closed by each party. It was proved, that on theSd of February, 1819, in the townofLouisville, T. R. West executed hisprom-issory note, promising to pay to the order of Vernon and Blake, without defalcation, twenty-five hundred and *46 sixty-five dollars, negotiable and payable at the office of ^*SC0UD^ and deposit of the Bank of the United States at Louisville, sixty days after dale. This note was, also, proved to have been afterwards endorsed'in blank, by the mimes of Vernon and Blake, Poignard (the plaintiffin, error) and J. C. Johnston, and that the amount of the note was afterwards, on the 8th of April, 1818, paid by Vernon and Blake to Brook Hill, an officer in the United States’ Bank at Louisville. There was, also, introduced and read as evidence to the jury, the following writing, to wit:
The imiten agreement,
j I] An agreement in writ-ins by several noto,1 topay1 each their equal parts, port sumpsítby the first en-afterwards° paid the whole sum to Covenant is the remedy.
“ We agree to pay our equal proportions of the debt due by Thomas R. West, in the United States’ Bank, due April ?th, 1819, for $2,565, whereon we are endorsers, said note being protested for non-payment.” Dated, Louisville, April 7th, 1819', and signed by Ver.non and Blake, J. C. Johnston and D. R. Poignard.
No further evidence was .introduced, and the question which now becomes necessary to consider, is, whettb er or not the court below was correct in refusing to in- . struct the jury, that the foregoing evidence was insufii-eient to support the action which was brought by Veri non and Blake.
That a sufficiency was proved to show a cause of action in Vernon and Blake, cannot, for a moment, be doubted. By the agreement of the 71h of April, 1819, signed by each of the endorsers, they respectively slipr ulated to pay' their proportion of the debt which West-had contracted by the note; andas neither Johnston nor Poignard appear to have done so, most indisputably', each of them became liable for his proportion of thg debt, to Vernon and Blake, after the payment was made by them, ‘
(1) The appropriate action to b.e brought by Ver-, non an<l Blake to recover for that liability, is, however, in the opinion of the court, covenant, and not assumpsit, By not paying his proportion of the debt, Poignard has to perform the stipulation of bis written agreement, and, under the act .of this country, placing all such writings qpon the footing of sealed instruments,. ^le action to be brought for a breach of the agreement, must be, as it should be for a breach of the stipulation, of1 a sealed writing, covenant.
(2) ^e arc aware,.that it does not follow, universally', la all cases, that no other action c,an he sustained, wheri- *47 ever covenant may be. Adjudged cases may be found, where the person sustaining the injury, has been held to have his election to bring covenant or case. The general rule is, however, to the contrary', and the pres-eat case does not, in the opinion of the court, come within the exception to that rule, it might have been otherwise, if the liability of Poignard existed independent of the writing which was executed by him and the other endorsers. In that case, the action might have been brought, either upon that original liability or Opon the Writing, as was decided by this court, in an analogous case, between Lucky and Rowzee, 1 Marsh. 295.
[2] The ex-eeptions to nruit will.lie, no other acT oases^where6 there is a liability, indo-pendent of -_Argu.eUim
^0ísel.'s „r a" promissory note,who nJcausc of action against a sub-doraer^-Tm
[4] Where one joint eiw ?romissov1 thewhole an(j t[ie „10„ n?ycannot be piado by suit out ot the obligor, the other en-'jorsRrs m“y £ coTuibíite their por-— Argu.
Sharp, Hoggin and Huston, for plaintiff; Marshall, for defendants,
(3) But without the aid of the writing, nothing is discovered in the record to show any liability on Poignard to make indemnity for the money advanced by Vernon and Blake. It is true, Poignard, as well as Vernon and Blake, endorsed the note of West, and that note being unpaid by West, was afterwards discharged by Vernon and Blake; but the payment so made, could not, within itself, confer upon Vernon and Blake, any action against Poignard. The only right oL action which Vernon and Blake could possibly have gained by their payment, as endorsers, would be against West, thg> maker of the note.
(4) Considered in the light of joint endorsers with Poignard, they might, probably, be entitled to recover a proportion of the amount advanced, against him, if, through the insolvency of West, the amount could be collected from hirm; but as the money was advanced for the payment of West’s debt, the action which accrued upon that payment must be first against him, and there is nothing in the record to show that any action has been prosecuted against him, or that he is finable to 0 P'W*
It results, therefore, that the evidence is insufficient to support the action of assumpsit, and that the court enxid in not so instructing the jary.
The judgment must, consequently, be reversed with costs, the cause remanded to the court below, and ther proceedings there had, not inconsistent with this opinion',